UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>NICHOLAS J. FIORILLO and<br>TRACY L. KROWEL<br>    Debtors<br><br>JONATHAN R. GOLDSMITH,<br>TRUSTEE IN BANKRUPTCY OF<br>NICHOLAS J. FIORILLO and<br>JOSEPH H. BALDIGA,<br>TRUSTEE IN BANKRUPTCY OF<br>TRACY L. KROWEL,<br>    Plaintiffs,<br><br>v.<br><br>DAVID MASSAD,<br>MARCELLO MALLEGNI,<br>COMMERCE BANK AND TRUST CO.,<br>and LBM FINANCIAL, LLC.,<br>    Defendants. | CIVIL ACTION<br>NO. 12-40058-TSH |

## ORDER ON DEFENDANTS' MOTION TO WITHDRAW THE REFERENCE
### July 19, 2012

**Hillman, D.J.**

    This matter comes before the Court on Defendants' Motion to Withdraw the Reference (Docket No. 1) regarding an Adversary Proceeding No. 12-04005, currently pending before the United States Bankruptcy Court, Worcester, Massachusetts (the "Bankruptcy Proceeding").

    Plaintiffs, who are Trustees to the Debtors in the Bankruptcy Proceeding, filed a complaint in the Bankruptcy Court alleging violations of the civil Racketeer Influenced and Corrupt

Organization Act (RICO) and other claims pursuant to Massachusetts common law. Defendants, individually, have moved to dismiss that complaint arguing the Trustees' claims are time-barred. Defendants' motions to dismiss have been briefed and argued by the parties before Hon. Hoffman of the Bankruptcy Court.

Defendants now ask this Court to withdraw the reference to the Bankruptcy Court, effectively preventing the Bankruptcy Court from deciding the merits of the Trustees' complaint in the Bankruptcy Proceeding. It is settled that Defendants have this right. *See*, 28 U.S.C. § 157 (d); *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 36 (1989); *In re Latin Am. Roller Co.*, 412 B.R. 15, 23 (Bankr. D.P.R. 2009); *In re Bank of New England Corp.*, 360 B.R. 1, 6 (Bankr. D. Mass. 2007). Plaintiffs object to Defendants' attempt to withdraw the reference, contending, among other things, that the complaint is a core proceeding that should be heard by the Bankruptcy Court. 28 U.S.C. § 157 (c) (1); *In re Middlesex Power Equip. & Marine, Inc.,* 292 F.3d 61, 68 (1st Cir. 2002). This Court, not the Bankruptcy Court, must make the ruling on a motion to withdraw the reference. *In re Bedford Computer Corp. v. Ginn Publ'g, Inc.*, 61 B.R. 594, 595 (Bankr. D.N.H. 1986). Therefore, this Court must decide whether and when it is appropriate to withdraw the reference from the bankruptcy court. *Growe ex rel. Great N. Paper, Inc. v. Bilodard Inc.*, 325 B.R. 490, 492 (D. Me. 2005).

In the interest of judicial economy, this Court should not yet decide the merits of the *Motion to Withdraw the Reference* because the Bankruptcy Court has been fully briefed and heard oral arguments on Defendants' motions to dismiss the complaint in the Bankruptcy Proceeding. *Estate of Hampton v. Androscoggin County*, 245 F. Supp. 2d 150, 158 (D. Me. 2003); *Frank S. v. Sch. Comm. of Dennis-Yarmouth Reg'l Sch. Dist.,* 26 F. Supp. 2d 219, 226 n.14 (D. Mass. 1998). If the Bankruptcy Court denies the motions to dismiss, Defendants are invited to re-file their

motion to withdraw the reference.

Accordingly, Defendants' *Motion to Withdraw the Reference* is **DENIED** without prejudice.

**/s/ Timothy S. Hillman**
TIMOTHY S. HILLMAN
DISTRICT JUDGE